HARVEY SPARKS, Respondent, *v.* T. D. KOHLER, and DAVID C. BRODERICK, Appellants.

A co-defendant is not a competent witness, under the 423d Section of the Practice Act, upon an issue where his testimony would enure to his own benefit.

He would be a competent witness to show that his co-defendant was not his partner, for this, in a legal point of view, would be against his interest.

But to show error in the court below, rejecting such witness for incompetency, the record should show the specific purpose for which he is offered.

Where such co-defendant was called generally as a witness, and he was clearly incompetent on one of the issues, Held, that the court below properly rejected him.

APPEAL from the Fourth Judicial District.

The complaint stated, that the defendants, on the 3d May, 1850, by the names of T. D. Kohler & Co., for value received, made and delivered their promissory note to James Hagan, wherein they promised to pay to the said Hagan, $3030 for cash lent; that said Hagan on the 11th December, 1851, for value received, endorsed and delivered the said promissory note to the plaintiff; that the whole of said note, principal and interest, is due and unpaid. Wherefore, plaintiff prays judgment for the said sum of $3030 and interest.

David C. Broderick answered separately, and traversed all the allegations of said complaint, and says they are untrue; and denies that he and his co-defendant Kohler, on the 3d May, by the name of T. D. Kohler & Co., made and delivered their promissory note to James Hagan; that he is not indebted to said plaintiff in the sum of $3030, or in any other sum, and prays to be discharged, and for judgment for costs, &c.

T. D. Kohler answered separately, and says that each and every of the allegations of said complaint are untrue, denies that he and his co-defendant Broderick, by the name of Kohler & Co., executed and delivered their promissory note to James Hagan, and denies all indebtedness to plaintiff; and further says, that the note mentioned in said complaint is not his act and deed; but that the same has been altered and changed, and is a forgery

and fraud in fact and in law, and that said plaintiff and Hagan had due notice thereof, and has combined, &c., to defraud this defendant, and prays to be discharged, &c.

The cause was submitted to a jury, who found for plaintiff, $3724 79, and judgment was entered accordingly. A motion for a new trial was made. and causes assigned, which the court overruled, and defendant appealed.

Several witnesses were called to prove the partnership, and for and against the validity of the note ; which being facts for the jury, and by them passed upon without exception, it is not necessary to report. But in the course of the trial, defendants offered D. C. Broderick, to testify in behalf of his co-defendant; which the court ruled out, and exception was taken by defendants' counsel; and at a subsequent stage of the proceeding, the "defendants" offered to prove, by T. D. Kohler, that his co-defendant, D. C. Broderick, was not chargeable upon the due bill, by showing by him that the words '& Co.' were not placed on the note by him, but had been added after making of the note, without his knowledge or consent;" to which plaintiff objected, and the court excluded the witness. Defendants excepted.

——, for appellants.

The court erred in excluding T. D. Kohler, when called as a witness by his co-defendant, who had a right to examine him as to the point for which he was offered, if not upon the whole case. See Practice Act, title XI., ch. 3, sect. 423 ; Rowe v. Chandler, Cal. Rep. 169 ; Farmers' & Mechanics' Bank v. Wilburn et al., 1 Co. Rep. (N. S.) 61 ; 5 Howard, 296 ; and 1 Co. Rep. (N. S.) 35 ; Mayor of New York, 1 Co. Rep. (N. S.) 85 ; 5 How. 40 ; and 1 Cal. Rep. 61 ; 3 Code Rep. 177.

*Halleck, Peachy*, and *Bellings*, for respondent.

Neither of the defendants was admissible as a witness for the other, because the testimony of one would not operate to discharge his co-defendant, without also discharging himself. Being sued on a joint contract, they could not be separated in the judgment; and though the Practice Act, section 145, provides, that separate judgments may be given, the following section contemplates, that this severance should only take place, "whenever a

several judgment is proper ;" in this case the suit is joint; both are liable jointly, or the whole must fail. Chitty Plead. 44.

So the Practice Act, sect. 423, p. 118, provides, that the examination of one co-plaintiff for another, "shall not be used in behalf of the party examined, except as against the examining party." If his testimony must necessarily be used in his own behalf, as well as for his co-defendant he must be incompetent. If the object for which Kohler was offered was true, and as testified to by him, the alteration of the note, it would render it void against both defendants. Chit. on Bills, 181. He was therefore rightly excluded.

HEYDENFELDT, Justice, delivered the opinion of the court. MURRAY, Chief Justice, concurred.

As has been frequently determined in cases heretofore, we cannot revise the finding of the jury upon the facts.

The only question for consideration, is whether the District Court erred, in refusing to allow the two defendants to give evidence for each other.

Section 423 of the Practice Act, declares, " A party may be examined on the part of his co-plaintiff, or co-defendant; but the examination thus taken shall not be used on behalf of the party examined, except as against the examining party."

The defendants answered separately. The issue raised by the answer of Kohler is, that the note given by him had been altered in a material part, and was therefore a forgery. This defence, if sustained by proof, would be fatal to any recovery whatever on the paper, and neither of the defendants could properly be permitted to give evidence on this point for one another, because the defence must equally avail the party giving evidence. According to the case as made, this was the only question upon which Broderick could be called to give evidence for Kohler, and it was therefore properly decided that he was incompetent.

The answer of Broderick is a general denial, amounting to the general issue at common law, and this put the plaintiff not only upon the proof of the execution of the note, but also upon the proof of the partnership, or of the authority of Kohler to involve Broderick in the same liability. It appears also from the evidence, that this was a contested question.

It sometimes happens that a witness may be competent for one purpose, and incompetent for others; and so it seems to be the case here, for although Kohler could not be allowed to testify anything which would tend to prove that the note had been altered, yet he might very well have been permitted to show that Broderick was not his partner. Upon this question, in a legal point of view, his interest would be directly in favor of making Broderick share the liability.

But in order to show error in the refusal of the court to let Kohler give this evidence, the record ought to show that he was proposed specifically for that purpose. As it appears, however, he was called generally as a witness, and being clearly incompetent as such, the court below was correct in excluding him.

Judgment affirmed.