## EASTERLY *v.* BASSIGNANO AND LARCO.

WHERE in an action against two defendants for an alleged indebtedness, plaintiff seeks, against the separate denial of one of them, to establish their joint liability by showing a partnership between them, one of the defendants is not a competent witness for plaintiff to prove the fact of partnership against his codefendant.

Where the joint interest is established or admitted, the testimony of one defendant, the same as his admissions, may be used against his codefendant; but this cannot be done where the fact of the joint interest is the point in controversy.

The provision of section four hundred and eighteen of the Practice Act, authorizing the examination of parties, was not intended as an exception to the general statutory rule which declares all persons incompetent who have a direct and immediate interest in the event of the action.

It is the interest of the witness, and not his position upon the record, that controls his competency.

*Washburn* v. *Alden* (5 Cal. 463) affirmed.

32

APPEAL from the Seventh Judicial District.

This is an action brought by the respondent, Easterly, to recover jointly of the defendants, Bassignano and Larco, the sum of $2,248.64 for goods, wares and merchandise sold and delivered, and for money advanced by the said plaintiff to said defendants.

The defendant Nicolas Larco filed a separate answer, specifically denying the allegations of the complaint, and denying that he was in any way interested in the purchase of the goods or the borrowing of the money alleged in the complaint. There is also an answer on file, purporting to be the answer of the defendant Bassignano, denying generally the allegations of the complaint. The cause came on for trial on the fourteenth day of June, 1860, and the plaintiff, to sustain his said cause, called the defendant Bassignano as a witness. The defendant Larco objected to the introduction of said Bassignano as a witness, on the ground that, being a codefendant, and being *prima facie* liable for the whole debt, he was interested and therefore incompetent. The objection was overruled and Bassignano testified as follows: That he resided in Napa county and worked a ranch; that Nicolas Larco of San Francisco was, he considered, a partner with him in the ranch, and was interested in the profits; that the debt sued for in this action was for goods, wares and merchandise sold and delivered to him, Bassignano, and for money loaned him, and that the goods were used for the purposes of the ranch, and that he expended the money loaned him in paying off the hands working on the ranch; that the bill of items shown him, made out in the name of Easterly & Co. in account with A. Bassignano, was a correct account of goods delivered and money loaned him. He also testified, on cross-examination, that the contract of partnership with Larco was made in San Francisco, in the back room of Larco's counting house; that the contract was verbal, and no writings were drawn between them, and that no person was present; that Larco was a large merchant and could have furnished the goods cheaper than they could be purchased in Napa; that he, Bassignano, had made no defense to the action, and had authorized no person to file an answer in his behalf.

At this stage of the proceedings, G. W. Towle, the person whose name is signed to the answer on file purporting to be the answer of Bassignano, arose in open Court and stated that " Easterly, the plaintiff, had requested him to file an answer for defendant Bassignano ; that he, Towle, said to plaintiff that he had better see the defendant first ; that Easterly said there was no necessity, that he had authority from defendant Bassignano to employ counsel, whereupon he, Towle, did file the answer to which his name appears as attorney." The defendant Larco made a motion to strike from the files of the Court the answer purporting to be the answer of the defendant Bassignano, and also to strike out the testimony of said Bassignano, both of which said motions were denied by the Court. To which defendant Larco excepted.

The jury rendered a verdict in favor of the plaintiff for the sum of $2,248.64. A motion for a new trial was made by the defendant Larco, which was overruled by the Court. This appeal is taken by defendant Larco from the order refusing a new trial, and from the judgment.

*B. T. Pate*, for Appellant.

I. The Court erred in admitting the defendant Bassignano to testify against the objection raised by his codefendant, Larco, and also in refusing to strike out his testimony when a motion was made for that purpose.

It is clear that the evidence introduced was to establish a liability on the part of his codefendant, and in the establishment of which the witness had a present, certain and vested interest. By establishing the liability of his codefendant, he relieved himself from a single and established a joint liability for the debt by himself and his codefendant. He made a record, under which record or judgment an execution, instead of being issued against his property, might be issued against and levied upon the property of his codefendant. If the execution had been levied upon the property of the witness and satisfied thereon, he would be entitled to recover from his codefendant one-half of the amount so paid by him in discharge of the judgment. In a suit by him against his codefendant, the record of the joint judgment would be conclusive of his right to

Easterly *v.* Bassignano.

recover. (*Marquand* v. *Webb*, 16 Johns. 89 ; *Shiras* v. *Norris*, 8 Cow. 60 ; *Sage* v. *Sherman*, 25 Wend. 430 ; *Pierce* v. *Kearney*, 5 Hill, 82 ; *Oakly* v. *Aspinwall*, 2 Sandford, 7 ; *Henry* v. *Henry*, 8 Barb. 588 ; *Purviance* v. *Dryden*, 3 Serg. & Rawle, 402 ; *Hackert* v. *Tagely*, 6 Watts & Serg. 139 ; *Dœbler* v. *Snarely*, 5 Watts, 228 ; *Hayes* v. *Grier*, 4 Binney, 83 ; *Schuylkill Navigation Co.* v. *Harris*, 5 Watts & Serg. 29 ; *Bellas* v. *Fagely*, 7 Harris, 273 ; *Lindley* v. *Malone*, 11 Id. 24 ; *The Columbian Manufacturing Co.* v. *Dutch*, 13 Pick. ; *Thompson* v. *Lathrop*, 21 Id. 536 ; *Latham* v. *Kenniston*, 13 N. H. 203 ; 2d series, vol. 1 ; *Whately and Graggs* v. *Johnson*, 1 Stewart, 498 ; *Lewis and Post* v. *Mann*, 1 Ala. 65 ; *Taylor* v. *Pauline*, 11 Id. 512 ; *McCall* v. *Sinclair*, 14 Id. 764 ; *Hoyt, Ford and Robinson* v. *Murphy*, 18 Id. 316 ; *Hoyt et al.* v. *Ford*, 23 Id. 456.)

II.   We understand the decision of the Court to be based on the four hundred and eighteenth section of the Practice Act.

The effect of the decision of the Court is to construe this section of the statute as operating a repeal of sections three hundred and ninety-two and three hundred and ninety-three of the statute, which embodies the common law rule in regard to the admissibility of testimony.

It could never have been the design of the Legislature to have repealed that section so as to permit a defendant to make or shape a record of a judgment that would be legal evidence for him in some other action.   The witness might have been competent to prove his own liability—that would have been against his interest ; or he might have been called to prove that his codefendant was not liable.

The object of the statute was to obtain the admission of a defendant as against himself, but it was not designed to enable him to testify for himself.   Such was the direct effect of the testimony given in this case.   (*Washburn* v. *Alden et al.*, 5 Cal. 463.)

*Hartson* and *Stoney*, for Respondents.

I.   The defendant Bassignamo was competent for plaintiff under the four hundred and eighteenth section of our Practice Act.

The rule at common law was that any interest in the event of

the suit would disqualify one as a witness; but this rule has been changed by our Statute. (Practice Act, sec. 392.)

Under our practice, the general rule is that an adverse party is a competent witness, and the interest of a witness does not disqualify him, except in certain exceptional cases specified in the statute. Does, then, the interest of an adverse party in the particular question upon which he may be examined, bring him whithin the exceptions of section three hundred and ninety-two?

Section three hundred and ninety-three of the Practice Act is as follows:

"The true test of the interest of a person, which shall render him incompetent as a witness, shall be that he will gain or lose by the direct legal operation and effect of the judgment, or that the record of the judgment will be legal evidence for or against him in some other action; but nothing in this or in the last section shall prevent a party calling as a witness the adverse party to the action, or a person whose interest is adverse, nor a party being a witness in the cases mentioned in section four hundred and twenty-three."

When the statute says: "but nothing in this or in the last section shall prevent a party calling the adverse party to the action," does it not reserve from the exceptions to the general rule that no one "shall be excluded on account of his interest in the event of the action or proceeding," (sec. 392) the case of a party called by an adverse party? Would it not have been the same if the language of the statute had been: "but the interest mentioned in this or the last section shall not prevent a party calling as a witness the adverse party to the action?" This view of our practice, that with respect to parties to the record, the question of interest has nothing to do with their competency to testify, is strengthened by the fact that parties are incompetent to testify on behalf of their coplaintiffs or codefendants, even though their testimony be against their own interests. (*Lucas et al.* v. *Payne*, 7 Cal. 92; *Turner* v. *McIl-hany*, 8 Cal. 575.)

The same interpretation has been placed upon section three hundred and ninety of the New York code, which is precisely the same as section four hundred and eighteen of our Practice Act, by the Legislature of New York. (*Comstock* v. *Doe and Roe*, 2 Code

R. 140.)   In the case of the *Bank of Charleston* v. *Emeric and Davenne*, (2 Sand. Sup. Ct. R. 718) one of the defendants, Davenne, was held to be a competent witness under the code, to prove his authority from his codefendant to make a purchase on their joint account, which was the matter at issue.   In *Thompson* v. *Blanchard*, (4 Com. 303) a defendant in an action of trover was held competent under the Code to testify in favor of the plaintiff and against his codefendant, even after default.

II.   But, irrespective of the code, we think it cannot be established upon principle that one joint debtor defendant is not a competent witness for the plaintiff; nor do the authorities cited by the appellant establish it.   The doctrine rests for its support upon a train of New York decisions, which are law there only by force of precedent, and which are acknowledged by their courts to be in violation of principle, and therefore are not authority for us, but are rather a warning to avoid a like error.   The other authorities cited by the appellant's counsel have no application or pertinency to the present question.

The first case in New York is *Marquand* v. *Webb*, (16 Id. 89) which was an action against an owner of a vessel, and it was held that another owner, not sued, was an incompetent witness for the plaintiff. It is not a parallel case and we might pass it by.   Spencer, Justice, who delivered the opinion of the Court, says, " that he has met with no case directly in point; " and the cases which he cites are certainly far from being in point.   But the case does not decide the point now before the Court.   The next case cited is *Shiras* v. *Norris*, (8 Cowen, 60) which also was not a case of partnership, nor in any of its features like this.   There it was held that " one who borrows money as the assumed agent of another, drawing a bill upon his pretended principal for the amount, which is protested for nonacceptance, is not a competent witness for the lender in an action by him against such principal for the money lent."   We cannot perceive that this case has any bearing upon the case at bar.

The next case cited is *Sage* v. *Sherman*, (25 Wend. 426) where it was held that " an agent authorized to purchase land for his principal, and to draw upon him for the purchase-money, is not a competent witness to charge his principal with the price of lands sold

in an action by a vendor against his principal, if the agent be himself *prima facie* liable for the purchase-money." This also is not a parallel case.

Then comes the case of *Pierce* v. *Kearney*, (5 Hill, 82) which is the origin of the heresy. In that case it was held that " when the dispute is whether the defendant ever contracted the debt for which the suit is brought, one claiming to be a cocontractor with him, is not a competent witness for the plaintiff." The law was so laid down by Ch. J. Nelson, on the authority of *Marquand* v. *Webb*. Bronson, J., agreed with him, but only on the authority of that case ; and he said that if it was a new question, he should feel great difficulty in saying that the witness was incompetent on the ground of interest. Justice Cowen dissented, and was of opinion that the witness was competent. His able opinion reviews all the authorities, and we refer the Court to it as weakining, if not destroying, the authority of the decision.

In the case of *Oakley* v. *Aspinwall*, (2 Sandford, 7) cited by appellant, Sandford, J., says : " If the question were open, I should say, as Bronson, J. did in *Pierce* v. *Kearney*, that it would be difficult to reject this witness on the ground of interest in favor of the plaintiff. The debt was fixed upon Young by the judgment. But I am not at liberty to follow out this argument. The decisions of the Supreme Court in *Marquand* v. *Webb*, (16 Id. 89) and *Pierce* v. *Kearney*, (5 Hill, 82) are conclusive in my view of the case."

The case of *Henry* v. *Henry* (8 Barb. 588) is not all in point.

The Court will perceive that in all those cases where a codefendant or joint debtor has been held incompetent, his liability had become fixed ; and they are similar to the case of *Washburn* v. *Alden* in our own reports, (5 Cal. 463) where it was held that a defendant who had suffered default is not a competent witness to prove that he was authorized by his codefendant to sign his name to a note, as, by so doing, he would reduce the amount of the judgment against himself. The Court place their decision upon this express ground, and the inference is obvious, that, if he had not made default, he would have been a competent witness. In the case at bar, both defendants answered, and the plaintiff, as the Court charged the jury, must recover against both or neither.

COPE, J. delivered the opinion of the Court—FIELD, C. J. and NORTON, J. concurring.

This is an action upon an alleged indebtedness for money loaned, and for goods sold and delivered. On the trial of the case, the plaintiff introduced as a witness the defendant Bassignano, by whom the money and goods had been received. The principal question was as to the existence of a partnership between him and the defendant Larco ; and it is objected that he was an incompetent witness to prove the partnership. We are of opinion that this point is well taken, and that he was incompetent to give testimony, which, as between him and his codefendant, inured to his own benefit. The statute declares all persons incompetent who have a direct and immediate interest in the event of the action, and the provision authorizing the examination of parties was not intended as an exception. The general rule at common law is, that parties to the record are not competent to testify ; and prior to the statute the only mode of purging the conscience of a party was by a proceeding in equity to obtain a discovery. The statute provides that no action for a discovery in aid of the prosecution or defense of another action shall be allowed, and the provision that " a party may be examined as a witness at the instance of the adverse party " was intended as a substitute. " In general," says Greenleaf, " the answer of one defendant in chancery cannot be read in evidence against his codefendant ; " and this is the rule laid down by all of the authorities upon the subject. Where the defendants have a joint interest, it appears that the answer of one may be read against the other ; but this cannot be done where the fact of the joint interest is the point in controversy. In such a case, a foundation must first be laid by showing *prima facie* that the interest exists, and that being shown, the answer is good evidence as to any other matter affecting the liability of the parties. The answer stands upon the same footing as an admission, and where the admission of a party could not be given in evidence to charge another as jointly liable, his answer cannot be read against the latter. The subject is fully discussed by Greenleaf in his work on evidence ; and it is well settled that where two persons are sued as partners, an admission of the fact of

partnership by one is not receivable against the other, to prove the partnership.  (1 Greenleaf Ev., secs. 177, 178.)  The statute abolishes bills of discovery, and substitutes in their place an examination at the trial; and the right of examination only extends to matters of which an answer in a suit for a discovery is evidence at common law.  As a general rule, no person is allowed to testify in favor of his own interest; and this rule applies with equal force, whether the person is a party to the record or a stranger.  It is the interest of the witness, and not merely his position upon the record, that controls, and a party cannot be examined as to any matter in which he is interested in favor of the party calling him.  We regard the case of *Washburn* v. *Alden* (5 Cal. 463) as an authority in point, and we are not aware that a different construction has ever been given to the statute.

The judgment is reversed, and the cause remanded for a new trial.