## BOWEN v. AUBREY et al.

UNDER our code of practice the same rules of pleading govern in all cases, both at law and in equity.

A complaint, whatever may be the character of relief sought, must state only issuable facts and not mere matters of evidence. Where this rule has been violated, a motion by defendant to strike out the irrelevant matter should be sustained.

Knowledge, by a sub-contractor upon a building, that there is an agreement in writing between the original contractor and the owner, is sufficient to put him upon inquiry as to the contents of the writing and charge him with notice thereof.

When the owner makes a contract for erecting or doing work upon a building, no sub-contractor or person furnishing labor or materials for the original contract can acquire any rights against the owner, in contravention of the terms and conditions of the original contract.

Where an original contractor sub-contracts work upon a building, there is no privity between the sub-contractors and the owner, and the latter cannot be made liable upon the sub-contract.

A party may, by agreement, waive a right created by statute for his benefit.

P. and others, contracted in writing with A., that the latter should erect a building for them, and in the agreement covenanted that he would not incumber or suffer to be incumbered the said building, or lot on which it is erected, by any mechanics' liens or debts of material, labor-men, contractors, sub-contractors, or otherwise." A. sublet the brick work to C., who had notice of the existence of the written agreement.

Held, that C. was precluded by the condition in the original contract from acquiring a mechanics' lien upon the building for the work done by him.

APPEAL from the Fifteenth Judicial District.

The facts are stated in the opinion.

C. E. Filkins, for Appellant.

I. The Court erred in overruling the motion to strike out a portion of the amended petition of Craft. (See Record, 24–28; Green v. Palmer, 15 Cal. 414.)

II. The said referee erred in his conclusions of law, that Craft was not bound by the provisions of the contract of Aubrey with appellants, as Craft's contract is subordinate to it, and is governed by its provisions. (Doughty v. Devlin, 1 E. D. Smith, N. Y. Com. Pleas, 641; Nott on Liens, 114, 118; Linn v. O'Hara,

1 Id. 560; 2 Id. 554, 558, 662, 693; *Benedict et al.* v. *Danbury Railroad*, 24 Conn. 320.)

*H. K. Mitchell*, for Respondent.

I.  The petition of Craft, intervenor filed by leave of the Court, and as a right under the Statutes of 1858, 226, Sec. 7, is to be treated as a Bill in Equity against appellants. The petition or bill is sworn to.

The case of *Green* v. *Palmer* (15 Cal. 414), cited and relied upon by appellants, has no applicability to pleadings in equity. That action was at law to recover damages for the seizure and conversion of a bag of gold coin, and the rules there laid down were intended to govern pleadings in actions at law.

Cases in equity are frequent where the plaintiff, in order to obtain the relief asked for, sets forth in his bill the confessions, conversations, or admissions of the defendant, either written or oral, relying solely upon the examination of the defendant by his answer to establish the truth of such facts. And in the examination of a question whether an allegation or statement in a bill is relevant or pertinent, the Court will remember that a bill is not a pleading, simply stating the material allegations and charges upon which plaintiff's right to relief rests, but is also an examination of the defendants upon oath, for the purpose of obtaining evidence to establish the material averments. The plaintiff may, therefore, state any matter of evidence in the bill or any collateral fact, the admission of which by the defendant, may be material in establishing the general allegations of the bill as a pleading, or in ascertaining or determining the nature and the extent and the kind of relief, to which the plaintiff may be entitled consistently with the case made by the bill. (Story's Eq. Plead. 278, Sec. 268; *Hanby* v. *Wolverton*, 5 Paige, 523; 3 Id. Ch. 606.)

II.  Even if Craft would otherwise have been bound by the contract between Aubrey and appellants, the acts and declarations of the latter were a waiver of the stipulation against a lien.

The case of *Benedict et als.* v. *Danbury Railroad* (24 Conn. 326), relied upon by appellants, is not in point. The Lien Law under which that lien was attempted to be enforced is widely dif-

ferent from ours. It required the sub-contractor's contract to be in writing, and to be assented to in writing by the party for whom a building was erected, or no lien was created in favor of the sub-contractor.

Our statute expressly provides that he shall have a valid lien upon the property, upon his filing in the Recorder's office, etc.

The lien of a sub-contractor shall be a valid lien upon the property regardless of the claims of the contractor against the owners, provided the notice is given to the owners by the sub-contractor, etc. (Stat. of 1858, 225, Secs. 2, 3 ; 16 Cal. 126.)

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

This is an action to enforce a mechanics' lien. The defendant Aubrey entered into a contract with Packard, Bayley & Simpkins, also defendants, to erect a building, known as the "Marysville Water Works," agreeing therein not to sublet any part of the work without the written permission of the latter. The contract also contained the following agreement on the part or Aubrey: "The said first party hereby agrees he will not incumber er suffer to be incumbered the said building or lot on which it is erected, by any mechanics' liens or debts of material, labor-men, contractors, sub-contractors, or otherwise." Aubrey sublet the brick work to the intervenor, Craft. No written permission for this sub-contract appears to have been given by Packard, Bayley & Simpkins, yet they seem to have recognized Craft as a sub-contractor. Bowen, the plaintiff, furnished to Aubrey materials for the construction of the building, and commenced this action to enforce a lien therefor. Craft, by leave of Court, filed his complaint of intervention, claiming a lien upon the property for the work done by him, as sub-contractor under Aubrey. The claim of Bowen was dismissed, and the action proceeded upon the claim of Craft alone. It was tried by a referee, who found in favor of Craft, and a judgment was rendered by which the premises were ordered to be sold, and the claim of Craft paid from the proceeds of the sale, with the costs of suit. A motion for a new trial was made and denied, and the defendants, Packard, Bayley & Simpkins, appealed from the judg-

Bowen *v.* Aubrey.

ment and the order overruling the motion for a new trial, to this Court.

After the filing of an amended complaint of intervention by Craft, the appellants moved to strike out certain portions thereof which state that before he, Craft, signed the sub-contract with Aubrey, he procured a writing from Aubrey directing the appellants to reserve in their hands sufficient money to pay Craft the amount of his contract with Aubrey; that he took this paper to Packard, and then proceeds to detail conversations between himself and Packard, and that afterwards he closed the contract with Aubrey; that Packard and Simpkins had made certain assertions to different persons, and that one of the appellants had admitted certain facts to him within the last six months. The Court refused to strike out this portion of the amended complaint, and this is assigned as error. The Court below, in our judgment, erred in overruling the motion to strike out. The matter objected to is clearly irrelevant, and does not comport with any rule of good pleading. It is opposed to the rules laid down in the case of *Green* v. *Palmer* (15 Cal. 411). But the respondent claims that that case was an action at law, that the present one is in equity, therefore, the rules there laid down do not apply here; and that under the rules of equity pleading he had a right to set up matters merely of evidence in order to obtain the answer of the opposing parties to such facts, to be used against them on the trial. In other words, they claim the right to set up matters, usual in bills of discovery, under the old system of chancery practice. Under the code of practice we have but one system of rules respecting pleadings, which govern all cases, both at law and in equity. Those rules are clearly laid down in the Practice Act, and although, in construing that act, we resort to former adjudications, and the old and well-established principles of pleading, yet the former distinctions which existed between common law and equity pleadings no longer exist. The code has reduced all to one common system. In setting forth the facts of a case, which, under the old practice, would have been properly brought in a Court of Equity, they are generally stated in a mode similar to the statements in a bill in chancery, and to this there can be no objection so long as the principle of the code, which

37

requires the facts to be stated in ordinary and concise language, is not violated. When the pleader goes beyond this, and attempts to introduce the peculiar formal allegations, many of which were mere fictions, found in the old forms of declarations in common law actions, or bills in equity, his pleading is liable to the objection of irrelevancy, and the objectionable matter should be stricken out on motion. In this case the pleader has attempted to obtain a "discovery under oath" by means of his pleading. This is forbidden by the four hundred and seventeenth section of the Practice Act, and the sections following it provide how such discovery can be obtained—that is, by examining the party as a witness. (*Easterly* v. *Bassignano*, 20 Cal. 489.)

It is also insisted that the Court below erred in rendering a judgment, giving the intervenor, Craft, a lien upon the property for the amount of his claim. The appellants, in their answer to the amended complaint of intervention, copy the contract between them and Aubrey in full, and then aver "of which contract the said Craft before and at the time he became such sub-contractor under said Aubrey, had notice." In his replication, Craft admits that he knew that Aubrey had agreed to erect the building for the appellants, but denies that he ever had "any notice of the conditions of the contract," or that he "had any knowledge that Aubrey had contracted not to sublet" without the written permission of the appellants. He does not deny but that he knew of the agreement in Aubrey's contract that no lien was to be filed on the premises. It is evident that Craft knew that there was a contract between Aubrey and the appellants, and that he was a sub-contractor under it. This was sufficient to put him upon inquiry, and he is to be considered as affected with notice of the contents and stipulations of the contract with Aubrey.

When an owner of property has contracted with another to erect a building or other superstructure, or do any other work, or furnish materials therefor, all sub-contractors and parties agreeing to furnish labor or materials to such original contractor do so with reference to such original contract, in subordination to its provisions and to the rights of the respective parties thereto, so far as they relate to the liability of the owner or the property, or so far as they rely

on such liability; and any agreement such parties may make with such original contractor is, so far as relates to the owner or the property, subject to all the terms, agreements, conditions, and stipulations of such original contract; and the owner or the property cannot be held liable or bound to any extent beyond the terms of the original contract, or such new or further contract as he may make with the original contractor or the sub-contractors. Any other rule would place the owner and his property completely at the mercy of the contractor; would give the contractor the power without any authority whatever, to make contracts binding the owner and his property. There is nothing in the relation of the parties which can, by any rule of law, vest in the contractor any such power. The owner cannot be held liable upon the contract between the original contractor and the sub-contractor, as there is no privity of contract between them. (Pierce on Am. R. R. Law, 387; *Doughty* v. *Devlin*, 1 E. D. Smith, 625; *Foster* v. *Paillon*, 2 Id. 556; *Grogan* v. *The Mayor*, etc., 2 Id. 695; *Benedict* v. *The Danbury and Norfolk R. R.*, 24 Conn. 320.)

In the present case, Craft, as sub-contractor, has no higher rights than the original contractor. The original contractor, Aubrey, having by express agreement waived the right given him by the statute to file and enforce a lien upon the property, could not maintain an action to enforce any such lien. A party may always waive a right created by statute for his benefit, the same as any other. (*Tombs* v. *The Rochester and Syracuse Railroad Co.*, 18 Barb., S. C., 583; *Buel* v. *The Trustees of Lockport*, 3 Comstock, 197.) Aubrey having thus waived his right to a lien, his subcontractor cannot claim any such right.

Several other questions are raised by the appellants, but it is not deemed necessary to notice them.

The judgment is reversed and the cause remanded.