### FAIRCHILD v. AMSBAUGH et al.

In an action to recover the price of personal property where one of two defendants makes default and the other answers denying the purchase, the defaulting defendant is not a competent witness for the plaintiff to show that his co-defendant was his partner, and as such jointly with him purchased the property.

APPEAL from the Fifth Judicial District.

The facts are stated in the opinion.

George W. Tyler, for Appellant.

I.   The Court erred in allowing plaintiff to prove a partnership between defendants by McKinley, a co-defendant, who had made default.

The declarations of a copartner cannot be given in evidence to prove a partnership.   (2 Greenl. Ev. 484; Burque v. De Toslet, 3 Stark. 53; Jenkler v. Walpole, 14 East, 226; Whitney v. Ferris, 10 Johns. 66; Tuttle v. Cooper, 5 Pick. 414; Robbins v. Willard, 6 Id. 464; McPherson v. Rathbone, 7 Wend. 216; McCutchen v. Bankstom, 2 Kelley, 244; Grafton Bank v. Moore, 13 N. H. 99; Chase v. Stephens, 19 Id. 465; Allcott v. Strong, 9 Cush. 523; 1 Greenl. Ev., Sec. 177, and cases cited.)

The same rule precisely must apply in regard to his evidence when placed upon the stand as a witness.

It is only after the fact of partnership is established to the satisfaction of the Judge by proof, aliunde, that the admission of one is received so as to affect the other.

McKinley had made default, and judgment could be entered against him at any time by the plaintiff for the full amount claimed in the complaint.   He was therefore directly interested in making appellant, his partner in the purchase, partner, as in that case appellant would be liable for a moiety of the judgment.   (Washburn v. Alden, 5 Cal. 463; Easterly v. Bassignano, 20 Id. 489.)

II.   The Court erred in ruling that payment could not be given in evidence under the pleadings.

Whatever doubt there might be as to the right of defendants to give payment in evidence under the general issue, where the dec-

Fairchild *v.* Amsbaugh.

laration is in assumpsit (and I believe this Court has never passed upon that question), there is none as to his right so to do, where the declaration is in debt, as it is in this case, and not upon a specialty, or a record.

The common consolidated count in debt, is as follows: "For that the said (defendant) on —————— was indebted to the plaintiff in —————— dollars for [here state what the debt is for as in assumpsit]," etc., which is the exact form of the complaint in this case. (2 Greenl. Ev., Secs. 280, 281, 281a; *Bloomfield* v. *Smith*, 1 M. & W. 542; 2 Saunders, 187a, Note (21 by Williams.)

The only doubt as to whether payment might be given in evidence, even in assumpsit, seems to be where the declaration is upon an express contract, and the reason for the exclusion of evidence of payment seems to be, that it would take the plaintiff by surprise.

I find no conflict in the authorities upon the proposition, that payment may be given in evidence under the general issue where the declaration is in debt. They all agree that it may, unless the action is founded upon a specialty, or upon a record.

III. The Court erred in refusing defendant permission to amend his answer.

It was a gross abuse of the discretion of the Court, to refuse permission to defendant to amend his answer. (*Connolly* v. *Peck*, 3 Cal. 75; *Barth* v. *Walther*, 4 Duer, 228; *Pollock* v. *Hunt*, 2 Cal. 193; *Cook* v. *Spears*, Id. 209; Civil Prac. Act, Sec. 68.)

*S. A. Booker*, for Respondent.

CROCKER, J. delivered the opinion of the Court—COPE, C. J. concurring.

This is an action to recover for personal property sold and delivered by the plaintiff to the defendants. The defendant Amsbaugh appeared and filed an answer denying the allegations of the complaint. The summons was duly served upon McKinley, the other defendant, but he failed to answer. A jury trial was had, and the following verdict was rendered: " We, the jury, find for the plaintiff four hundred and fifty dollars," and thereupon a judgment was entered in favor of the plaintiff, against the defendant Amsbaugh,

for that sum, and costs. Amsbaugh moved for a new trial, which was denied, and he takes this appeal from the judgment and the order refusing the new trial.

At the trial the plaintiff called the defendant McKinley, as a witness, to prove that himself and Amsbaugh were partners, and as such purchased the property sued for, to which the defendant Amsbaugh objected that the witness was not admissible to prove those facts, being interested, but the Court overruled the objection, and allowed him to testify, and Amsbaugh excepted, and this ruling of the Court is one of the grounds of error assigned by the appellant.

In the case of *Washburn* v. *Alden*, (5 Cal. 463) it was held, that a defendant who has suffered default is not a competent witness to prove that he was authorized by his co-defendants to sign his name to a note, as by so doing he would reduce the amount of judgment against himself. (See also, *Easterly* vs. *Bassignano*, 20 Cal. 489.)   So in the present case, McKinley was not competent to prove that Amsbaugh was a partner in the purchase of the property, because he would thereby cast a part of the burden of the debt from himself upon his co-defendant. He would thus gain " by the direct legal operation and effect of the judgment," and therefore comes clearly within the provisions of Sec. 393 of the Practice Act.   He would be a competent witness to prove that his co-defendant was not his partner; for this, in a legal point of view, would be against his interest.   (*Sparks* v. *Kohler*, 3 Cal. 299.)

Upon the cross-examination of McKinley, he testified that the debt sued for had been paid and satisfied. The plaintiff objected to this evidence, and also to the evidence of Amsbaugh, who was examined under notice upon the same point, that it was not admissible, as the defendant had not plead the same in his answer. The Court allowed McKinley's evidence on that point, but excluded that of Amsbaugh. The defendant then asked leave to amend his answer to set up the plea of payment, which was refused by the Court, and to which he excepted. The exclusion of this evidence and the refusal to allow defendant to amend his answer are also assigned as error. The evidence must be confined to the matters put in issue by the pleadings; but it has been held by this Court,

in *Frish* v. *Caler* (21 Cal. 71), that a plea of payment is not new matter, and it follows, that it was not necessary to set it up as a special defense in the answer. The evidence was therefore admissible under the general denials of the answer, and the Court therefore erred in excluding it.

The judgment is reversed, and the cause is remanded for further proceedings.