Thomson, J.,
delivered the opinion of the court.
This is an action for goods sold and delivered. The complaint .alleges the sale and delivery, and the value and price of the goods; and avers that no part of such price has been paid. The answer admits the sale, delivery and price, hut denies each and every other allegation of the complaint. The answer also contains a counterclaim for damages, for an excessive levy under a writ of attachment which it alleges was issued in the action. A demurrer to the counterclaim was sustained, and judgment on the pleadings given for the plaintiff, from which the defendant appeals.
There is nothing in the record to show that any affidavit for attachment was ever made or writ issued in the case. The only information we have on that subject is derived from *468 the counterclaim. But assuming that such writ was issued, levy made, and damages sustained as claimed, and by reason of which defendant has a cause of. action against the plaintiff, still such cause of action cannot be made a counterclaim in this suit. . Section 57 of the Code defines a’counterclaim as á cause of action arising out of the transaction set forth in the complaint as the .foundation, of the plaintiff’s claim or connected with the subject of the action; or a cause of action' upon contract and existing at the commencement of the suit. This counterclaim did not arise out of the transaction set forth in the complaint, and was not connected with the subject of the action. The transaction was the sale and delivery-of the goods, and the price of the goods was the subject of the action. With such sale and delivery, or with such price, the counterclaim has nothing to do. It arises out of an alleged tort, committed in the course of the prosecution by the plaintiff of his remedy for the enforcement of the'claim.^ It had no existence when the alleged writ was issued, and if no writ had been issued in the case, it never would have had an existence. It was a wrong done to the defendant not necessary to the enforcement of plaintiff’s remedy, and is'on the same footing with any other wrong which the plaintiff might have committed upon the defendant. The court very properly sustained the demurrer.
. The question of the effect of a"general denial upon the allegation of failure to pay for the goods .is onfe of somewhatinore difficulty, árising. out of an ajiparent want of harmony-among the authorities. ’. In California it is held that a general denial puts in issue an allegation of nonpayment in the complaint. Bu.t in that state the averment of nonpayment seems-to- be essential, and without it there is no cause of action; Stated, so that a denial- of - that is a denial of a material al-’ legation. Frisch v. Calor, 21 Cal. 71; Fairchild v. Amsbaugh, 22 Cal. 572; Pom. Rem. § 700.
■¡ In Quin v. Lloyd, 41 N. Y. 349, the' plaintiff Sued for a balance due, and .the oo.urt-held that the denial involved aii issue; upon all’the 'facts Stated and denied,.- and,'admitted' *469 proof of the different payments made, so as to determine What in fact was the balance of the debt.. The plaintiff having admitted payments, the denial of the balance due authorized an inquiry as to the amounts paid. In Marley v. Smith, 4 Kan. 183, the plaintiff alleged that, the defendant was indebted to him in the sum of seventy-five dollars on an account, a copy of which was annexed to the complaint; and under a general, denial, the court held that proof of payment might be introduced, because the petition did not state the facts constituting the defendant’s liability, but. merely the indebtedness ; saying that if petitioner chose to rely on such a statement of his case, he must be prepared to receive proof t»f facts showing that such indebtedness did not exist. ■ But in Stevens v. Thompson, 5 Kan. 305, where the action whs for goods sold and delivered, thé court held that the denial put nothing in issue but the sale, delivery and value of the goods, and distinguished the case of Marley v. Smith, supra, because in it the petition only stated the indebtedness generally, without setting forth the grounds of the indebtedness whereas in Stevens v. Thompson, the facts constituting the plaintiff’s claim were fully stated; and the court therefore held that only those facts were denied by the answer. An examination of all the cases outside of California, that have come under our notice, in which proof of payment was permitted under a general denial, discloses.that there was some peculiarity in the statement of the cause of action, either in the manner of such statement, or in the admission of payments, in' which' the court found a warrant for its ruling ; but the great weight of authority in code’ states is that in a case like the present where the facts constituting the causé of action are stated, in order that proof of payment may be admitted, it must be specially pleaded. A denial will not suffice.. r The plaintiff is not called upon to prove nonpayment in the first instance. When he has established the facts alleged in. his complaint, the burden is upon the defendant to show that the indebtedness has been discharged. Whether nonpayment is averred by the plaintiff or not is immaterial. *470 Payment is a defense, and like all other matters of confession and avoidance, it must be affirmatively and not negatively or inferentially set up: Hugler v. Pullen, 9 Ind. 273; McKyring v. Bull, 16 N. Y. 297; Martin v. Pugh, 23 Wis. 184; Basset v. Lereder, 1 Hun, 274; Bliss on Code Pleadings, § 357.
While the question has not been directly passed upon by our own Supreme Court, the following in Perot v. Cooper, 17 Colo. 80, would seem to indicate its opinion: “ The general rule is, that a. plea of payment being an affirmative defense, must be supported by a preponderance of the evidence in order to be effective in favor of the party pleading it.”
From our examination of the reasons given in. the. cases which seem to hold a contrary doctrine, it is our opinion that the variance is more apparent than real, and that where the facts are stated, as they are here, there is no substantial conflict.
There being no plea of payment in this ease, and a cause of action being specially admitted by the answer, the judgment was properly rendered in favor of the plaintiff and against the defendant on the pleadings, and nothing remains for us except to affirm the judgment.

Affirmed.