## H. S WASHBURN, Respondent, v. SOLOMON E. ALDEN, SIMON B. HUNT, and LLOYD MINTURN, Appellants.

General words in powers of attorney are limited and controlled by particular terms and designations.

Where B authorizes A to do all acts in his name concerning their mining operations, followed by the authority to sign B's name to any company articles, does not authorize A to sign B's name to a promissory note, even where the money was used in carrying on their joint mining operations.

The authority to sign his name in this particular instance, is a limitation upon what might otherwise be considered a general power.

A defendant who has suffered default, is not a competent witness to prove that he was authorized by his co-defendant to sign his name to a note, as by so doing, he would reduce the amount of judgment against himself.

APPEAL from the District Court of the Twelfth Judicial District, San Francisco County.

The action was brought upon a promissory note, of which the following is a copy :

$500.                                    *Grass Valley, April* 24, 1851.

One day after date, we jointly and severally agree to pay Mowry W. Smith, or order, the sum of five hundred dollars, value received.

SIMON B. HUNT,

SOLOMON E. ALDEN,

By his Attorney, Simon B. Hunt,

LLOYD MINTURN.

The note was endorsed by Smith without recourse, and transferred to the plaintiff.

Hunt suffered a default, and Alden answered, denying the execution of the note, and alleging that his name had been signed to it without his authority.

Plaintiff, in order to fix Alden's liability, produced a power of attorney from Alden to Hunt, authorizing him to perform, in Alden's name, all acts concerning certain mining operations, in which he and Hunt

were engaged, and also empowering him to sign his name to any company articles.

Plaintiff also offered to prove by Hunt, that Alden had authorized him to sign the note, which testimony the Court ruled out. Plaintiff excepted.

It was in proof that the money for which the note had been given had been used in carrying on their joint mining operations.

The Court decreed a nonsuit, and afterwards set the order aside and granted a new trial. Defendants appealed.

*Haights & Gary*, for Appellants.

To the point that Hunt had no authority to bind Alden by signing the note, cited Rossiter *v.* Rossiter, 8 Wend., 494.

*G. P. Fobes*, for Respondent.

In support of Hunt's authority, cited 21 Wend., 279. 6 Cow., 354. 2 Kent's Com., 792, 804. Ch. on Cont., 199. 15 Johns., 44. 10 Wend., 275. 17 Ohio, 466. 4 Met., 529. 4 Cow., 659. 1 Denio, 119. Hunt's testimony was admissible—4 McCord, 412.

MURRAY, C. J., delivered the opinion of the Court. HEYDENFELDT, J., concurred.

This is an appeal from an order setting aside a judgment of nonsuit, and granting a new trial. It does not appear from the record upon what ground the judgment was set aside, and we are therefore led to the conclusion, that it must have been in consequence of some supposed error committed on the trial.

It is a familiar principle, that general words in powers of attorney are limited and controlled by particular terms and designations. The authority granted by B to A, " to do all acts in his name, concerning their mining operations," followed by the authority to sign B's name to any " company articles," does not authorize A to sign B's name to a promissory note, even where the money was used for the purpose of carrying on their joint mining operations. The authority to sign his name, in this instance, is a limitation upon what might otherwise be considered a general power.

There was no error in excluding the testimony of Hunt; he was a

defendant, and had suffered a default. If admitted, to prove that he was authorized by Alden to sign the note, he would thereby have reduced the amount of the judgment against himself.

The order granting a new trial is reversed.