[L. A. No. 3613.  Department One.—April 19, 1916.]

ABRAHAM THOMPSON, by Christine Thompson, His
Guardian ad Litem, Appellant, v. LeCOMPTE DAVIS,
Respondent.

HUSBAND AND WIFE—DEED TO WIFE—PRESUMPTION OF SEPARATE
PROPERTY—COMMUNITY PROPERTY.—Under section 164 of the Civil
Code, as that section has read since the year 1897, a deed to a
married woman raises the presumption that the title to the property
conveyed vested in her as her separate property.  This presump-
tion is not conclusive, and may be overcome by evidence showing
that the property, although conveyed to the wife, was in fact com-
munity property.

ID.—PRESUMPTION IS EVIDENCE—WEIGHT AND SUFFICIENCY OF EVIDENCE.
Such presumption, although disputable, is itself evidence, and it is
for the trial court to say whether the evidence offered to overcome
it has sufficient weight to effect that purpose.  In the present case,
the conclusion of the trial court that the property in question was
the separate property of the wife is held sustained by the evidence.

ID.—APPLICATION OF SEPARATE PROPERTY FOR FAMILY EXPENSES.—
There is no presumption that the wife applied her separate property,
rather than that of the community, in paying the living expenses of
the family.

ID.—ACTION TO CHARGE LAND AS COMMUNITY PROPERTY—EVIDENCE OF
WIFE AS TO INTENT.—In an action by a husband to charge as com-
munity property land which had been deeded to his wife and sub-
sequently conveyed by her, the refusal of the court to allow the
wife to testify that she and her husband did not intend that var-
ious parcels of land held in her name during the marriage should
be her separate property, is without prejudice, where her testimony
showed that she claimed to have taken title as the agent and busi-
ness manager of her husband.

ID.—IMPEACHMENT OF WIFE—DECLARATIONS IN WILL.—In such action,
declarations in a will made by the wife tending to show that she
regarded the property in question as her separate property, are ad-
missible on her cross-examination to impeach her testimony to the
contrary.

ID.—EVIDENCE AS TO CONVERSATION—ENTIRE CONVERSATION MAY BE
GIVEN.—Where the wife, as a witness for the plaintiff, had been
asked to testify to all the conversations she had with the defendant,
the defendant, in response, was authorized to give his version of
these conversations and to state all of them regarding the same
subject matter.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial. George H. Hutton, Judge.

The facts are stated in the opinion of the court.

Carter, Kirby & Henderson, and E. W. Sargent, for Appellant.

Edwin A. Meserve, Henry T. Gage, and W. I. Foley, for Respondent.

SLOSS, J.—This action involves the ownership of a tract of land in Tulare County, containing about three hundred acres, together with the personal property thereon. On October 22, 1908, Christine Thompson, the wife of the plaintiff, executed a deed conveying said land and personalty to the defendant. In the complaint the plaintiff, suing as an incompetent by his guardian *ad litem,* averred that the property in question had been acquired by him on August 3, 1906; that it was community property, but that title thereto had been taken in the name of his wife, Christine, for purposes of convenience. He alleged, further, that the defendant, who was the attorney of said Christine, had obtained the deed from her by means of false and fraudulent representations and through the improper use of the confidence reposed in him as her attorney. The complaint prayed for a decree of reconveyance and for an accounting. The answer denied the community character of the property, alleging on the contrary that it was the separate property of the wife, and denied, further, the charges of fraud and undue influence.

On all the material issues the court found in favor of the defendant. It found that the property in question was bought by Christine Thompson as her separate property with funds belonging to her separately, and that the plaintiff Abraham Thompson never had any right, title, or interest in or to said property. It also found against the allegations of fraud and undue influence. The plaintiff appeals from the judgment, and from an order denying his motion for a new trial. He assails the sufficiency of the evidence to sustain the findings with respect to the separate character of the property, and also those touching the alleged improper con-

duct of the defendant in obtaining the deed. Of course, if the finding that the property belonged to the wife is sustained by the evidence, there is no occasion to inquire into the propriety of the other findings. The plaintiff in the case is Abraham Thompson. If he had no interest in the property, but the same was the sole and separate property of his wife, he has no standing to question the validity of any transfers made by her. The fact that she happens to be his guardian *ad litem* has no bearing on the situation. The action is instituted and maintained on behalf of the ward, who is the only party plaintiff. (*Fox* v. *Minor*, 32 Cal. 111, [91 Am. Dec. 566].)

Notwithstanding the appellant's elaborate argument to the contrary, there is no good ground for questioning the sufficiency of the evidence to sustain the finding that the property conveyed to Davis was the separate estate of the plaintiff's wife, Christine Thompson. The property had been acquired on August 3, 1906. By a deed then executed, one Jepson had conveyed the property to Christine Thompson. Under the express provision of section 164 of the Civil Code, as that section has read since the year 1897, such deed to the wife raised the presumption that the title was thereby vested in her as her separate property. This presumption is, to be sure, not conclusive. "It may be overcome by evidence sufficient to satisfy the court that the property in question, although conveyed to the wife, was in fact community property." (*Pabst* v. *Shearer, ante,* p. 239, [156 Pac. 466].) But the presumption, "although disputable, is itself evidence, and . . . it is for the trial court to say whether the evidence offered to overthrow the presumption has sufficient weight to effect that purpose." (*Ibid.*) Here the plaintiff undertook to overthrow the presumption by introducing evidence covering the business and property transactions of the husband and wife from the date of their marriage, which took place in 1888. At that time the plaintiff was the owner of some real property in the city of Los Angeles. This he had acquired by descent from his father, whose estate was then in the course of administration. The wife, Christine, held a contract for the purchase of a tract of land at Verdugo, in Los Angeles County. She had paid three thousand dollars on this purchase, and three thousand dollars was still due. This balance was paid by the husband after the mar-

riage, and a conveyance was taken in his name in June, 1889. In 1891 the plaintiff conveyed a parcel of land in the city of Los Angeles to his wife. In the same year the husband and wife conveyed the Verdugo property in exchange for other property, the deed of the latter running to the wife alone. It does not appear that the husband or the wife then owned any real estate other than the two pieces last referred to. Both of these were, under the rule of section 164 of the Civil Code, presumptively the separate property of the wife. Thereafter there were numerous transactions involving the purchase and sale of over sixty city lots and other real estate. In every instance the deed for property purchased or taken in exchange ran to the wife. During all this time the husband was not engaged in any business, and the evidence points strongly to the conclusion that he was not capable of transacting any. He contends that in the various transactions which were had, the wife was acting in his behalf, and that all purchases and sales were made by her and in her name because of his incapacity. Granting that this theory has the support of some evidence, it is opposed to the presumptions arising, not only from the deed conveying the property here in question to the wife, but from the many deeds conveying various other parcels to her. In addition, the testimony of the wife, who was an important witness for the plaintiff, was weakened by plaintiff's own introduction of a will made by the wife, in which she had assumed to dispose of the property as her own. It was, of course, for the trial court to determine how far, if at all, this circumstance affected the weight and value of her testimony.

To overcome the presumption declared by section 164, the plaintiff was required to establish, to the satisfaction of the court below, that the property in dispute, although deeded to the wife, had been paid for with community funds. The evidence offered in this behalf was far from conclusive. It rested upon a series of inferences and deductions which may have been permissible, but were by no means necessary. It must certainly be conceded that in the early days of the married life of Thompson and his wife, some part, at least, of their holdings could properly have been found by the court to be the separate estate of the wife. It is sought by the appellant to trace the property holdings through their various mutations, and to show thereby that the purchase price

of the Tulare property consisted of earnings of the community. But the evidence fails to establish this. Much is made of the fact that for several years the wife earned money in the conduct of a hotel. Such earnings no doubt constituted community property. But the evidence of their amount is very unsatisfactory. Even if it had been shown that they were enough to have covered the purchase price of the Tulare property, it was not satisfactorily established that they were used for that purpose. For all that the record shows, they may have been exhausted in paying the living expenses of the husband and wife. There is no presumption that the wife applied her separate property, rather than that of the community, for this purpose. (*Estate of Cudworth,* 133 Cal. 462, [65 Pac. 1041].) On the whole case, the most that can be said is that the evidence leaves it doubtful whether the purchase price of the Tulare property was community or separate estate. Under these circumstances, the presumption arising from the face of the deed was not, as matter of law, overthrown. The case is the very usual one of a conflict of evidence. The conclusion of the trial court on that conflict is beyond the reach of review here.

Certain rulings in the course of the trial are assigned as error. The court refused to allow Mrs. Thompson to testify that she and her husband did not intend that the various parcels held during the marriage should be the wife's separate property. Assuming that the proffered testimony, or some of it, was competent (see *Fanning* v. *Green,* 156 Cal. 179, 285, [104 Pac. 308]), we think its rejection was not prejudicial to such extent as to justify a reversal. The testimony actually given by Mrs. Thompson showed very clearly that she claimed to have taken title to the various properties as the agent and business manager of her husband.

Over the objection of the appellant, the court admitted in evidence a will made by the wife. This is not the will to which we have already referred. It is argued that the declarations made in a will by a wife that certain property is her separate estate are not admissible against her husband. (*Rowe* v. *Hibernia Sav. & L. Soc.,* 134 Cal. 403, 407, [66 Pac. 569].) But the will in question did not describe any particular property. Its admission in evidence could not, therefore, have been prejudicial. But even if its execution could be regarded as conflicting with the theory that the

property belonged to the community, it was admissible on other grounds. It was offered as a part of the cross-examination of the wife. She had, in her direct testimony, given evidence tending to show that the property did not belong to her separately. If a will made by her was opposed to this view it was proper by way of impeachment.

The appellant moved to strike out as hearsay certain testimony of the defendant relating to a conversation between himself and Mrs. Thompson, in which the latter had quoted a statement of her husband to the effect that she could do as she pleased with the Los Angeles city property. In the introduction of the plaintiff's case Mrs. Thompson had already been asked to testify to all the conversations she had with the defendant. This testimony was relevant to the issues framed. The defendant was authorized, in response, to give his version of these conversations and to state all of them regarding the same subject matter. (Code Civ. Proc., sec. 1854.)

There is no other assignment of error affecting the judgment, so far as it rests on the finding that the property in question was the separate estate of the wife. There is therefore no occasion to review the evidence regarding the manner in which the conveyance to Davis was obtained by him. But since the defendant's character and reputation are involved in the charges made in the complaint, it is only just to say that we have reviewed the entire record and see no reason to doubt that the court was fully justified in finding that the defendant had, in his dealings with Mrs. Thompson, met every requirement of fairness and good faith.

The judgment and the order denying a new trial are affirmed.

Shaw, J., and Lawlor, J., concurred.