[S. F. No. 9075.   Department Two.—March 26, 1920.]

PERCY S. KING et al., as Executors, etc., Respondents, v. A. R. CAVE et al., Appellants.

[1] APPEAL—FINDINGS—CONFLICT OF EVIDENCE.—Where the testimony in the trial court is substantially conflicting, the appellate court cannot interfere with the findings of fact by that court.

[2] ACTION UPON PROMISSORY NOTES—NATURE OF TRANSACTION—FINDINGS SUPPORTED BY EVIDENCE.—In this action upon two promissory notes, the finding that the transaction was a loan and not a conditional gift is sustained by the evidence.

APPEAL from a judgment of the Superior Court of Napa County. Henry C. Gesford, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. W. Dorsey and W. E. Cashman for Appellants.

U'Ren & Beard and Milton T. U'Ren for Respondents.

WILBUR, J.—An action upon two promissory notes of the defendants to Mrs. Emily Marx, deceased, payable two years after date with interest at eight per cent, the first dated August 11, 1918, for two thousand dollars; the second dated October 1, 1918, for one thousand dollars. These notes, given in renewal of two notes of the same amounts and tenor executed in 1909, and a third note of five thousand five hundred dollars, dated January 11, 1910, payable in five years, together with nine thousand shares of the capital stock of the Wes Johnson Company, were held by the Anglo & London Paris National Bank in San Francisco for decedent at the time of her death. It is admitted by the defendants that they received from the payee of the notes the sum of eight thousand five hundred dollars; that because of that fact they gave the notes in question, deposited the stock as security, and paid the interest thereon. The defendants claim that the eight thousand five hundred dollars which they received from the deceased was a conditional gift; that the payment of interest, the placing of the security and the giving of the notes were either consistent with such gift, or, if not, that they were without consideration, because the money was conditionally given them. The claim is that the purpose of the testatrix was to secure to herself interest upon the money given during her life as an annuity, and at her death the principal was to belong to the makers of the notes. All the evidence that either party deemed material to the elucidation of the question at issue was presented to the trial court without objection, in accordance to a stipulation to that effect. The trial court found that there was no such agreement as that claimed by the defendants, and accordingly rendered judgment for the plaintiffs. Defendants appeal and claim that the evidence without substantial conflict sustains their contention. In addition to the admitted facts above stated, there is also in evidence correspondence between the parties and the bank concerning the notes, and other evidence, which supports the finding of the trial court that the transaction was a loan. [1] It is, therefore, sufficient for the purposes of this appeal to point out that, notwithstanding the number of witnesses who testify to statements of the deceased that she intended to give, or had given, eight thousand five hundred dollars to the makers of the notes, and

the testimony of the defendants that such was the understanding, the case comes within the rule that where the testimony in the trial court is substantially conflicting, we cannot interfere with the findings of fact by that court. It becomes unnecessary, therefore, to consider the question as to whether or not the transaction sought to be shown by parol, if proved, comes within the rule that such evidence cannot be received to contradict or vary the terms of a written instrument, or whether or not if a gift of the eight thousand five hundred dollars was proved prior to the giving of the notes, they were therefore without consideration. [2] The evidence sufficiently sustains the findings.

Judgment affirmed.

Kerrigan, J., *pro tem.*, and Lennon, J., concurred.

Hearing in Bank denied.

All the Justices concurred.