[Civ. No. 3806.   First Appellate District, Division One.—September
27, 1921.]

W. K. EPHRAIM et al., Respondents, v. OAKLAND
TITLE INSURANCE & GUARANTY COMPANY (a
Corporation), Appellant.

[1] DEED — DEPOSIT IN ESCROW — COMPLIANCE WITH INSTRUCTIONS—
CONSUMMATION OF TRANSACTION.—Where a grantor deposited a
deed with a title insurance company for delivery to the grantee
upon payment of the purchase price, and the grantee deposited
a check with instructions to pay the amount thereof to the grantor
when the company could issue its policy guaranteeing title in the
grantee, and the company recorded the deed and sent its check
for the purchase price to the grantee, the transaction was con-
cluded and there was in effect a delivery of the deed, and the com-
pany could not thereafter, upon its suspicion being aroused as to
the genuineness of the grantor's title, change the legal effect of
its action by stopping payment on the check.

[2] ID.—RECOVERY OF PURCHASE PRICE—DELIVERY OF DEED—EVIDENCE
—PRESUMPTION — RECORDATION. — In an action by the grantor

---

1.  Delivery of deed in escrow as a change of title or interest, note,
38 L. R. A. (N. S.) 142.

against the title company to recover the purchase price, proof that the company, as the agent of the purchaser, placed the deed of record sufficiently established the delivery of the deed, since a presumption of delivery arises where a deed is shown to have been executed, acknowledged, and recorded.

[3] Id.—Possession—Evidence of Delivery.—Possession of a deed by the grantee is some evidence of its delivery and sufficient in the absence of any contradictory evidence to establish it.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Pat R. Parker, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Wilson & Wilson, R. Porter Ashe and Arnold C. Lackenbach for Appellant.

Keyes & Erskine for Respondents.

KERRIGAN, J.—This is an appeal by the defendant from a judgment in favor of plaintiffs for the sum of $1,800. In the latter part of May, 1919, the plaintiff, Mrs. A. F. Ephraim, authorized one S. M. Sample to sell the parcel of land described in the complaint for the sum of $1,800; Sample's compensation to be five per cent of said amount. Said agent sold said land to Lionel Wachs at the price thus fixed, who directed that the title thereto be placed in the name of Milton Mazor. Accordingly, Mrs. Ephraim executed a deed to Mazor, and on May 26, 1919, she and the purchaser visited the office of the defendant, Oakland Title Insurance & Guaranty Co., and gave instructions as to the completion of the transaction, which took the common form of the deposit of the deed in escrow to be delivered to the grantee upon payment of the purchase price. At this time Mrs. Ephraim produced an unrecorded deed to the property to herself from Marie Uhl dated November 22, 1918. Apparently the plaintiff made a satisfactory explanation to the secretary and manager of the Title Company, Ira Abraham, as to why her deed had not been recorded. In any event she deposited the two deeds with the defendant, receiving from it a receipt which provided that the deed from Mrs. Ephraim to Mazor was to be delivered to Mazor

upon payment of $1,800, less $95, the commission payable to the agent. On the following day Wachs notified Sample that he had decided to take the title in his own name instead of in the name of his friend Mazor. Accordingly a deed conveying the property to Wachs was executed by Mazor. On May 28th this deed was sent by Wachs to the Title Company, together with a check for $1,800, with instructions to pay the amount thereof to the plaintiff, A. F. Ephraim, when the Title Company could issue its policy showing record title to the lot in himself. On the afternoon of the same day the Title Company filed for record all three deeds, and handed Mrs. Ephraim a check for $1,705, and to Sample a check for $95. Shortly thereafter Mrs. Ephraim telephoned to the defendant's secretary requesting him to return to her when recorded, and to no one else, the deed from Marie Uhl to herself. He replied that the transaction was closed, that she had no interest in the deed nor in anything except the money, check for which had been given to her. This communication aroused the suspicion of Mr. Abraham, and he requested Mrs. Ephraim not to cash the check, but to call at the office of the Title Company the following morning. He stopped payment of both checks and directed the county recorder not to let the deeds out of his possession. The next morning at a meeting in the office of the Title Company, which was attended by Marie Uhl, the plaintiff's purported grantor, she declared that she had not conveyed the property to Mrs. Ephraim, and about a week later commenced an action against Mrs. Ephraim and others to quiet title to the lot and to have her alleged deed declared void. A *lis pendens* was immediately recorded. Thereupon the plaintiffs commenced this action against the Title Company and Marie Uhl, alleging in their complaint, in part, the facts above narrated as to the deposit in escrow of the deeds, the receipt by the Title Company of the purchase price of the property for her use and benefit, and its refusal to pay over said money. The defendants filed separate answers, in both of which it is alleged that the plaintiff, intending to cheat and defraud Milton Mazor, falsely and fraudulently represented that she was the owner of the lot of land described in the pleadings, whereas said lot was the property of Marie Uhl, who had not executed any conveyance thereof to the plaintiff, A. F. Ephraim, and

consequently said plaintiff was not entitled to receive the money lodged with the Title Company by the purchaser of said lot.

[1] Under the issues thus framed the principal question before the trial court was whether or not Marie Uhl had in fact executed this deed to the plaintiff, A. F. Ephraim. The jury found affirmatively upon this question, and we are of the opinion that the evidence abundantly supports the verdict of the jury. Indeed, the sufficiency of the evidence upon this point is not attacked, the only serious contention made upon this appeal being that there is no evidence of a delivery of the plaintiff's deed to her grantee or his successor—the actual purchaser, Wachs. The instructions of Mrs. Ephraim, the grantor, were that her deed should be delivered upon receipt from the purchaser of $1,800. The instructions to the Title Company given by the purchaser were that the $1,800 should be paid over to Mrs. Ephraim when that company could issue its policy of title insurance guaranteeing title to stand in Wachs. When the depositary recorded the deeds and sent its check for the purchase price of the lot to the grantor the transaction was concluded, and similarly when it was in receipt of the purchase money, and placed the deeds upon the record, there was in effect a delivery of the plaintiff's deed to her grantee, and the Title Company was in a position to insure the record title as being in Wachs. It was then too late, upon the suspicion of the secretary of the company being aroused as to the genuineness of the title in Mrs. Ephraim, to prevent the consummation of the transaction, for, as stated by that gentleman, it was already closed. Nor does it appear that Wachs desired to rescind the purchase; and the Title Company, acting for Wachs, refused upon demand to return to Mrs. Ephraim the deeds or to pay her the purchase price. It is true, as claimed by the defendants, that the action commenced by Marie Uhl cast a cloud upon the title to the lot, but this was after the delivery of the deed to Wachs and after the plaintiff was entitled to receive the purchase money, and hence too late to be available to the Title Company as a defense to this action if, as was determined by the jury, the deed from Uhl to Ephraim was valid.

[2] Proof that the Title Company, as the agent of the purchaser, placed the deeds of record sufficiently established

the delivery of the plaintiff's deed to Wachs or his nominee. A presumption of delivery arises where a deed is shown to have been executed, acknowledged, and recorded. In 8 R. C. L., section 66, page 1004, speaking of the effect of a recordation of a deed, it is said: "Likewise, the fact that a deed is on record is *prima facie* evidence of delivery, or, as otherwise stated, warrants a presumption of delivery and acceptance, so that whoever makes assertion to the contrary has the burden of proving it. Moreover, since recording takes the place of the solemn ceremonies accompanying delivery of seizin at common law, it has been called evidence of delivery of the most cogent character, requiring the countervailing proof to be clear and persuasive." And in section 67 of the same work, at page 1006, the author says: "Delivery of the deed by the grantor, with the grantee's consent, to the proper officer, with the intention that thereby it shall pass the title, constitutes an effective delivery, the officer being deemed in such case the grantee's agent, as where a corrected deed was delivered to the register for record by the grantor to whom the original deed had been returned by the grantee for correction, the officer's possession after recording being regarded as that of the grantee."

While there was other evidence tending to show a delivery of the deed, this presumption alone was sufficient to sustain the verdict of the jury. (Code Civ. Proc., sec. 2061, subd. 2; *Moore* v. *Gould,* 151 Cal. 723 [91 Pac. 616]; *Keating* v. *Morrissey,* 6 Cal. App. 163 [91 Pac. 677].)

Defendant company complains of one of the instructions to the jury, which was to the effect that if the deed to the plaintiff was duly signed or duly acknowledged by Marie Uhl, when it was thereafter recorded it vested title to the property in the plaintiff, A. F. Ephraim, pointing out that this instruction completely ignores the necessity of a delivery of the deed. This instruction, it must be admitted, would have been highly prejudicial to the defendant if there had been any question before the jury as to such delivery. In fact, there was not, the issue, so far as the evidence is concerned, being confined to the due execution of that instrument. [3] The possession of the deed by the plaintiff was some evidence of its delivery, and was sufficient in the absence of any contradictory evidence to establish it. The instruction complained of, therefore, while

erroneous in form, did not mislead the jury or affect the substantial rights of the defendants.

Judgment affirmed.

Waste, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 26, 1921.

All the Justices concurred, except Lennon, J., who was absent.