[Civ. No. 3078.   Third Appellate District.—May 21, 1926.]

## F. L. R. BURKS, Appellant, v. O. W. STEARNS, Respondent.

[1] NEGLIGENCE—**AUTOMOBILE** COLLISION AT INTERSECTION—RIGHT OF WAY—EVIDENCE—FINDINGS.—In this action for damages for injury to plaintiff's automobile as the result of a collision with an automobile owned by defendant, the accident having happened at a street intersection at a time when the Motor Vehicle Act of 1919 was in full force and effect, under the testimony the court was justified in coming to the conclusion that defendant was nearer the intersection when approaching than was the automobile in which plaintiff was riding and that defendant had the right of way, and the fact that plaintiff was driving at a higher rate of speed than defendant did not affect the respective rights of the parties or give plaintiff the right of way over defendant.

[2] ID.—EVIDENCE—ADMISSION OF CHAUFFEUR—ERROR WITHOUT PREJU-DICE.—In such action, if it be admitted that the trial court erred in admitting in evidence the statement made by plaintiff's chauffeur immediately after the accident, such ruling would not warrant a reversal, where the other evidence in the case showed the error to be nonprejudicial and amply supported the conclusion of the trial court that plaintiff was responsible for the collision.

---

(1) 4 **C. J.**, p. 878, n. 81; 28 **Cyc.**, p. 47, n. 20.   (2) 4 **C. J.**, p. 1172, n. 63.

APPEAL from a judgment of the Superior Court of Fresno County.   S. L. Strother, Judge.   Affirmed.

---

1. See 3 Cal. Jur. 906.

The facts are stated in the opinion of the court.

Gallaher, Simpson & Hays for Appellant.

Chester O. Hansen for Respondent.

PLUMMER, J.—Action by plaintiff to recover damages for injuries to his automobile arising from a collision with an automobile owned by the defendant. The defendant interposed a cross-complaint for damages suffered to his automobile. The court awarded judgment for the defendant in the sum of $37 and the plaintiff appeals. The collision involved in this case occurred at a street intersection and at the time of the collision the Motor Vehicle Act of 1919 (Stats. 1919, p. 191) was in full force and effect. Section 22, subdivision a, of the Motor Vehicle Act then provided: "That no person shall operate or drive a motor vehicle or other vehicle on any public highway at a greater speed than fifteen miles an hour in approaching any steam, electric or other railway crossing at grade, or in approaching or traversing an intersecting highway, or crossing or intersection of highways, or in approaching or going around corners or curves in the highway, when in any of the foregoing cases the operator's or driver's view of the road or railway traffic is obstructed."

The collision between the respective automobiles occurred on the fourteenth day of December, 1921, at the intersection of Elm Avenue and Jensen Avenue in the county of Fresno. At the time of the accident the automobile owned by the plaintiff was being driven on Elm Avenue in a southerly direction and the defendant's automobile was being driven on Jensen Avenue in a westerly direction.

[1] On the part of appellant it is claimed that the intersection was not what is called a "blind intersection." On the part of the respondent testimony was introduced that there was a line of trees on the northeast corner of the intersection of Jensen and Elm Avenues which obstructed the view of approaching drivers. The plaintiff testified that he was traveling between eighteen and twenty-four miles an hour. The driver of the plaintiff's car testified that he was driving between twenty and twenty-five miles an hour. There was also testimony to the effect that as the defendant came into

the intersection he was driving at a very low rate of speed and after entering the intersection increased his speed somewhat. The defendant also testified that as he entered the intersection the plaintiff's car was not in sight. The law relating to the right of automobiles entering intersections in force at the time of the collision in this case was as follows: "Excepting where controlled by such traffic ordinances or regulations as are permitted under this act the operator of a vehicle shall yield the right of way at the intersection of their paths to a vehicle approaching from the right unless such vehicle approaching from the right is further from the point of intersection of their paths than such first named vehicle." Under the testimony the court in this case was justified in coming to the conclusion that the defendant had the right of way, that the defendant was nearer the intersection when approaching than was the automobile in which the plaintiff was riding. The fact that the plaintiff was driving at a higher rate of speed than the defendant did not affect the respective rights of the parties or give the plaintiff the right of way over the defendant. This case involves simply a question of fact as to which one of the parties had the right of way at the intersection, and there being sufficient testimony to support the findings of the trial court we are concluded by such findings.

[2] Error is also urged on account of the admission in testimony of the statement made by the plaintiff's chauffeur immediately after the accident. We need not consider this matter, because under the provisions of section 4½ of article VI of the state constitution, the ruling of the court in this particular, if admitted to be error, would not warrant a reversal, because the testimony to which we have referred shows the error nonprejudicial and amply supports the conclusion of the trial court that the plaintiff was responsible for the collision.

The judgment is affirmed.

Hart, J., and Finch, P. J., concurred.