[Civ. No. 6508. Second Appellate District, Division Two.—February 10, 1931.]

A. W. ELLINGTON, Respondent, v. L. RAYMOND FREER, Appellant.

Marcus C. Clark for Appellant.

H. P. Babson for Respondent.

ARCHBALD, J., *pro tem.*—Plaintiff brought suit against the defendant on a promissory note for $10,000 dated May 28, 1925, and from a judgment thereon against him defendant appeals.

The answer of defendant admitted the execution of the note by defendant to plaintiff, but denied the other allegations of the complaint, and also alleged as a separate defense that there was no consideration for the note as well as a total failure of consideration therefor. A further separate defense alleged on information and belief that a partnership existed between plaintiff and one Hallward, and that said Hallward, with the knowledge and consent of plaintiff, induced defendant by certain alleged false and fraudulent statements, to execute and deliver his note for $10,000 dated August 24, 1924, to said Hallward for an assignment by Hallward to defendant of a one-third interest in a sales agreement theretofore made between Hallward and plaintiff and certain associates; that such agreement was not made in good faith and that all representations concerning the same, as well as said assignment, were made with the knowledge and consent of plaintiff; that said note was hypothecated to a certain bank by the aid of plaintiff and was afterward surrendered and the note in question here executed as a renewal thereof; that said Hallward and plaintiff received the proceeds of said original note, applied

the same to their own use, and that plaintiff took $4,000 of such proceeds for his own use and benefit; that defendant received nothing of value and did not discover the falsity of said representations until after the execution and delivery of the note sued on. At the trial plaintiff proved the execution and delivery of the note sued on, its negotiations to the bank and the payment to the bank by plaintiff of principal and interest when the same became due. The answer does not deny the allegation of the complaint that no part of said note had been paid to plaintiff, but does deny "that this defendant is indebted to plaintiff in any sum of money whatsoever". ■ The possession of the note by plaintiff, however, raised the presumption of nonpayment (*Sarraille* v. *Calmon,* 142 Cal. 651 [76 Pac. 497]), although plaintiff did not introduce any other proof of nonpayment, all of which made a *prima facie* case for him. Plaintiff then rested and defendant offered evidence in support of his affirmative defenses, after which rebuttal evidence was offered. The court found, among other things, that it is not true that the note was given without consideration or that there was a total or any failure of consideration, and found affirmatively that defendant received a valuable consideration therefor. The court also found that the original note was based on a valuable consideration, viz., the assignment to defendant by said Hallward of a one-third interest in the sales contract. It is appellant's contention that the evidence is insufficient to support such findings; that the sales contract was of no value and so known to be by plaintiff at the time he took the note.

■ Plaintiff in proving his *prima facie* case offered in evidence the promissory note sued on. There was a presumption of consideration arising from the writing itself which is evidence and which raised a conflict sufficient to support the finding questioned, notwithstanding evidence produced by defendant was contrary thereto. (*Moore* v. *Gould,* 151 Cal. 723 [91 Pac. 616].)

The court further found that it is not true that Hallward made the representations alleged to have been made by him to defendant; that the sales contract was a valuable contract; that plaintiff was not a partner of Hallward and knew nothing about the sale of the interest in the Hallward contract to defendant until the deal was completed and Hallward went to plaintiff (as the evidence shows, after

defendant and Hallward had themselves been unsuccessful in negotiating the $10,000 note given Hallward) to induce plaintiff to aid them in negotiating said note; that plaintiff indorsed the Hallward note and the same was then negotiated at the Security Trust & Savings Bank. The court found further that at the time the note set out in plaintiff's complaint was executed and delivered to plaintiff (which was about nine months after the Hallward note was negotiated, and which note was a second renewal of the Hallward note), "defendant was in possession of all the facts regarding said sales agreement and all transactions and matters connected therewith which were known to any of the parties thereto, and particularly all the facts which were known to the said Hallward and to the said plaintiff". None of such findings is questioned by defendant, and it is sufficient to say that there is evidence in the record which supports them all.

The evidence further shows that Hallward and defendant "were pretty close old friends" and that Hallward was discussing the financing of his sales contract with defendant, who said "he thought there was a man in Pasadena . . . who resided quite close to his place, who would buy a one-third interest for $7500''; that defendant was not successful in closing the deal with his friend and told Hallward that he, Freer, "would like to take it". It was then agreed between defendant and Hallward "to put the negotiation through on the basis of a note from him (Freer) to me (Hallward) for $7500''. As to how the note came to be made for $10,000, Hallward testified as follows: Q. By Mr. Babson: "Tell what was said regarding the purchase price; the amount of the note. A. Well, it was suggested— Q. Who suggested? A. By Mr. Freer, that we should make it a larger sum than $7,500, because he needed some money, and if the note was discounted he should get a portion of that money." The evidence further shows, and the court found, that the defendant actually received about $2,000 of the proceeds of the note.

■ There seems to be evidence to support not only the findings complained of but all the other findings which are contrary to the allegations contained in defendant's separate defenses; and while there is evidence to the contrary, yet the trial court having decided the facts on conflicting

testimony its determination will not be disturbed on appeal. (*King* v. *Cave*, 182 Cal. 523 [188 Pac. 986].),

Judgment affirmed.

Craig, Acting P. J., and Thompson (Ira F.), J., concurred.