[Civ. No. 10487.   Second Appellate District, Division Two.—October 15, 1935.]

RAHR MALTING CO. (a Corporation), Respondent, v. KOCH BREWING COMPANY (a Corporation), etc., et al., Defendants; HAZEL F. SOLOMON, Appellant.

A. S. Newburg and Horowitz & McCloskey for Appellant.

George W. Rochester for Respondent.

McCOMB, J., *pro tem.*—This is a *purported* appeal by third party claimant, appellant herein, from the judgment of the trial court based on findings that a fund held in a bank by virtue of a writ of attachment was *community property* of appellant and her husband, defendant in the action, and not appellant's *separate property*. The hearing was held

pursuant to the provisions of section 689 of the Code of Civil Procedure, appellant having alleged in her *claim* that the fund was her *separate property*.

Appellant relies for reversal of the judgment *solely* on the following propositions:

*First: The evidence is insufficient to support the findings of fact.*

*Second: The trial court erred in overruling appellant's objection to her husband's testifying at the hearing held in accordance with the provisions of section 689 of the Code of Civil Procedure, in view of the rule stated in section 1881, subsection 1, of the same code.*

As to appellant's first proposition, the *burden of proof* was upon third party claimant, since she had the affirmative of the issue. (*Scott* v. *Wood,* 81 Cal. 398, 402 [22 Pac. 871].) This she attempted to sustain after being sworn, by testifying, the *fund* in question was acquired *subsequent* to her marriage with the defendant; also as to various sources of origin of the fund, which tended to show the money was her separate property. Much of appellant's testimony at the hearing was in conflict with testimony which she had previously given at the taking of her deposition. It was for the trial court to determine how far, if at all, this circumstance affected the weight and value of her testimony. (*Thompson* v. *Davis,* 172 Cal. 491, 494 [157 Pac. 595].)

Evidence that the fund was acquired subsequent to marriage gave rise to the presumption that it was community property. (Sec. 164, Civ. Code; *Stafford* v. *Martinoni,* 192 Cal. 724, 738 [221 Pac. 919].) Such presumption is itself evidence. (*Moore* v. *Gould,* 151 Cal. 723, 726 [91 Pac. 616] ; *Stafford* v. *Martinoni, supra.*) The trial court was not bound to believe the interested witness as against the presumption. (*Adams* v. *Hopkins,* 144 Cal. 19, 36 [77 Pac. 712].) This rule is very clearly stated by our Supreme Court in *Sarraille* v. *Calmon,* 142 Cal. 651 [76 Pac. 497], wherein it was held that declarations of witnesses to the effect that certain notes had been paid considered in connection with the presumption of nonpayment, arising from possession of uncanceled notes, produced a conflict in evidence for determination by the trial court. Mr. Commissioner Chipman says at page 655:

"In weighing the testimony before it, the court evidently was unwilling to accept the declarations of the witnesses offered to prove payment as producing conviction in its mind. The presumption of nonpayment arising from possession of uncanceled notes, admittedly executed by defendant, was evidence that they were not paid, and produced a conflict with the evidence of defendant's witnesses. We cannot put ourselves in the shoes of the judge who had the witnesses before him; we cannot say to what extent he discovered what he thought were inherent improbabilities in the statements of witnesses, nor can we say how far the witnesses, by their manner of testifying, may have given rise to doubts of their sincerity, or may have impressed the judge with their having given a wrong coloring to material facts. . . . It is sufficient to say that the evidence was in conflict and the conclusion of the court cannot now be disturbed."

In *Thompson* v. *Davis,* 172 Cal. 491 [157 Pac. 595], a case in which our Supreme Court considered the effect to be given the presumption raised by section 164 of the Civil Code, Mr. Justice Sloss, speaking for the court, says at page 493:

"But the presumption, although disputed, is itself evidence and it is for the trial court to say whether the evidence offered to overthrow the presumption has sufficient weight to effect that purpose."

The presumption that the fund was *community property* considered in connection with appellant's testimony tending to prove it her *separate property* thus raised a conflict in the evidence which was sufficient to support the findings of the trial court. (*Moore* v. *Gould, supra; Smellie* v. *Southern Pacific Co.,* 212 Cal. 540, 550 [299 Pac. 529].)

Turning to defendant's second proposition, the trial court erred in requiring defendant's husband to testify over appellant's objection, which should have been sustained, in view of the provision of subdivision 1 of section 1881 of the Code of Civil Procedure, wherein it is stated, "A husband cannot be examined for or against his wife without her consent." (*Ayers* v. *Wright,* 103 Cal. App. 610, 619 [284 Pac. 1077]; *Marple* v. *Jackson,* 184 Cal. 411, 413 [193 Pac. 940].)

Since it is conceded by appellant's counsel that nothing in the husband's testimony in anywise militated against her case, this error was not prejudicial to appellant and therefore will be disregarded by this court. (Art. VI, sec. 4½, Const.;

sec. 475, Code Civ. Proc.; *Burks* v. *Stearns*, 78 Cal. App. 108, 110 [248 Pac. 274].)

The judgment is affirmed.

Crail, P. J., and Wood, J., concurred.